IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick McIntosh, *a/k/a* Patrick R. McIntosh, | Case No.: 2:17-cv-376-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| George Randall Taylor, Charleston County SC Sheriff's Department, Trident Technical College, Federal Bureau of Investigation, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 15) recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

I. **Legal Standards**

  a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

The Magistrate Judge has adequately summarized Plaintiff's allegations in the R. & R., so this Court has not repeated them in detail here. (Dkt. No. 15 at 1-5.) On January 20, 2015, Plaintiff was charged in a superseding indictment with receiving firearms and ammunition while under indictment for felony (Count One), making a threat on the life of the President of the United States (Count Two), Threats to Law Enforcement (Count Three), and Threats by Interstate Communication (Count Four). Following a bench trial, Plaintiff was found not guilty of all counts by reason of insanity and was civilly committed to the custody of the Attorney General.

Plaintiff filed this lawsuit seeking monetary damages for Defendants' alleged violations of his constitutional rights in connection with the 2012 search of his house and what he characterizes as the "malicious" prosecution that followed. The Magistrate has explained that

this action is subject to summary dismissal because (1) *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's claims for damages that are predicated on his assertion that his civil detention is improper; (2) Plaintiff failed to make any specific allegations against Defendant Trident Technical College; (3) Defendant Charleston County Sheriff's Office is entitled to Eleventh Amendment Immunity from a suit for monetary damages; (4) Plaintiff has remedies in tort under South Carolina law to obtain relief for his allegedly stolen personal property (i.e., the alleged illegal seizure of computers and a panda costume); and (5) to the extent Plaintiff is attempting to assert tort claims against a Federal defendant, he has failed to allege that he has exhausted his remedies under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Plaintiff has not filed any objections to the R. & R.[1] This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

### III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. as the order of the Court. This action is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 2, 2017
Charleston, South Carolina

---

[1] The original service of the R. & R. was returned to this Court as undeliverable because Plaintiff had changed addresses. On July 11, 2017, the R. & R. was re-mailed to Plaintiff at the Medical Center for Federal Prisoners in Springfield, Missouri where he currently resides. The deadline for Plaintiff to file Objections to the R. & R. was extended accordingly to July 26, 2017 plus an additional three days because Plaintiff is proceeding *pro se*. As of August 1, 2017, Plaintiff had not filed Objections to the R. & R. (Dkt. Nos. 17, 18, 19, 22.)